JONES, JUDGE:
The claimant, Pauline M. McCargo, of Falls Church, Virginia, alleges in her petition that her owner’s license was illegally revoked by the respondent, West Virginia Racing Commission, without the due process of law, that the action of the respondent was unfair, biased and discriminatory, that the respondent acted without giving proper notice, and that as a result of respondent’s alleged illegal actions and *119 the publicity resulting therefrom, she has sustained serious physical, economic and personal losses both to her person and property, for which she demands judgment against the respondent in the sum of $12,000,000.00.
The transcript of the evidence in this case covers a period of more than two years and is replete with charges and counter charges between the parties, the claimant being cast in the character of a chronic complainer who could not get along with her several trainers or with track officials, denouncing one and all as crooks and scoundrels trying to take advantage of an “old woman”, while the claimant charged the respondent and its agents of conspiring against her and taking drastic action against her without due cause or course of procedure. Rather typical of the claimant’s disregard for accurate and measured speech was her statement at the close of the direct examination of Harry L. Buch, Chairman of the West Virginia Racing Commission: “All right, Mr. Buch, you’ve sat there and told one lie after another -”. Entirely apart from the merits of this case or any harassment the claimant believes she was subjected to, the Court accepts Mr. Buch’s testimony as truthful, and rejects the uncalled-for attack on his veracity. The respondent’s charges against the claimant, each standing alone, are not particularly reprehensible, but the cumulative impact of her accusations and invectives, both public and private, gave the respondent cause for considerable concern and an investigation was undertaken.
After many months of strained relations, this running battle came to a showdown rather unexpectedly. On the evening of July 6, 1970 the claimant asked the Stewards at Charles Town Race Track to scratch her horse, Kang Howard, from a $1,500.00 claiming race, for the reason that her trainer had entered the horse without her permission. Reluctantly and contrary to usual procedure, the Stewards acceded to the claimant’s request and, in effect, said “take your horse home and don’t ever run him again in West Virginia” or, according to the claimant, “we’re going to revoke your license”. Whatever exactly was said, the claimant apparently understood that her license was then and there revoked. However, there is no record of a hearing or revocation of license by the Stewards. The following day the claimant telephoned the Racing Commission and requested a hearing. Her request was granted and she was notified that the Commission would hear her on July 10, 1970. The hearing was held as scheduled and by letter dated July 16, 1970, the claimant was notified by the respon *120 dent that her license was revoked for conduct detrimental to the best interests of racing.
If, as contended by the claimant, the owner’s license had been revoked by the Stewards, then the procedure would have been improper, as notice of a hearing was not given as required by law and procedural requirements for appeal were not followed. However, the Court finds that there was no hearing or a revocation of license by the Stewards. No notice is required for a revocation of license by the Racing Commission and claimant’s only recourse was to appeal the respondent’s ruling. Under Code 19-23-17 the claimant had the right to appeal the revocation of her license under the pertinent provisions of Code 29A-5-4. She did not appeal. Instead she chose to petition for reinstatement and on November 13, 1970, her license was restored to good standing by the respondent as of December 31, 1970.
It is apparent from the record that the claimant did suffer losses of substantial sums of money in and about her efforts to develop a winning horse. However, Hanker and King Howard either lacked their owner’s burning desire or just couldn’t run fast enough. The trials and tribulations of the claimant, as unfolded at the hearing of this case, were very real and unfortunate, and we sympathize, but that is as far as this Court may go. This is not a case in which the Court should invoke the conscience of the State and therefore the claim of Pauline M. McCargo against the West Virginia Racing Commission is disallowed.
Claim disallowed.